UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

DAVID WOLFF
    Plaintiff

-vs-                                       Case No.
                                            Hon.
CITICORP CREDIT SERVICES, INC. (USA),
    Defendant

## COMPLAINT & JURY DEMAND

*David Wolff states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the Truth In Lending Act, 15 U.S.C. §1640 and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit is David Wolff who resides in Farmington, MI 48336.

4. The Defendants to this lawsuit is Citicorp Credit Services, Inc. (USA) ("Citi") which is a corporation doing business in Michigan.

### Venue

5. The transactions and occurrences which give rise to this action occurred in Madison Heights County.

6. Venue is proper in the Eastern District of Michigan.

7. Mr. Wolff incorporates the preceding allegations by reference.

8. Mr. Wolff opened an account with Citi.

9. The account was a designated as a store account from credit purchases at Fred Meyer Jewelers.

10. The account constituted an "open end credit plan" under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1602(I).

11. Citi was required under the TILA to provide periodic disclosures to Mr. Wolff reflecting monthly adjustments to his account, including credit use and finance charges under 15 U.S.C. § 1637(b).

12. In November of 2009 Mr. Wolff used the Citi account to purchase a necklace from Fred Meyer Jewelers at Oakland Mall.

13. Upon information and belief, shortly after opening of the account, Citi began reporting credit data concerning the account to each of the major consumer reporting agencies, Experian, Equifax and Trans Union.

14. Shortly thereafter, Mr. Wolff returned that necklace to Fred Meyer Jewelers.

15. Fred Meyer accepted the return of the necklace.

16. Mr. Wolff owes no money for the necklace, whose return was accepted by Fred Meyer Jewelers, the merchant.

17. Citi did not transmit periodic statements to Mr. Wolff at his home address from November through April of 2010.

18. Citi began making phone calls to Mr. Wolff to collect payment in April of 2010.

19. Mr. Wolff informed the Citi representative that he had returned the necklace, not made any

additional purchases, and not received any statements concerning the account.

20. The Citi representative requested Mr. Wolff's address.

21. Mr. Wolff provided that address to the Citi representative.

22. The Citi representative disclosed that its files contained a different address than that which Mr. Wolf had provided to Citi.

23. On May 16, 2010 Citi transmitted a periodic statement to Mr. Wolff containing the charges for the necklace.

24. On or about Jun 26, 2010 Mr. Wolff disputed the charges to the account in writing via certified mail.

25. On June 28, 2010, Citi received Mr. Wolff's dispute.

26. Notwithstanding its receipt of the billing dispute,

    a. Citi reported derogatory information concerning the account.

    b. Citi did not report the disputed status of the account.

    c. Citi continued to accumulate and impose finance charges and late fees relating to the disputed account.

27. Citi has attempted to collect from Mr. Wolf notwithstanding the fact that he does not owe Citi any money for the disputed account.

28. Citi has continued to falsely report credit information concerning the debt in an effort to pressure Mr. Wolff to pay the account.

29. Citi failed to comply with the procedures outlined in the Fair Credit Billing Act, ("FCBA") 15 U.S.C. §1666 *et seq.*; 12 CFR 226.13 concerning the handling of the disputed account items and violated that statute.

30. Citi has missreprented its rights and Mr. Wolf's obligations in relation to the account.

31. Citi has attempted to collect amounts not owed by Mr. Wolf.

32. Citi has made untrue statements to Mr. Wolf concerning his liability for the necklace which was returned.

33. Citi has now placed the account for collection with LTD Financial Services, L.P. ("LTD").

34. Upon information and belief, LTD has reported the debt to one or more consumer reporting agency.

35. Citi failed to comply with the Michigan Collection Practices Act ("MCPA"), M.C.L. §445.251 *et seq.* and violated that statute

36. Citi's actions were made with actual knowledge of its duties under the FCBA.

37. Citi's actions were made with actual knowledge of its duties under the MCPA.

38. Citi's actions in violation of the MCPA were therefore wilful.

## Demand for Declaratory Relief Judgement

39. Mr. Wolff owes no money for goods or services relating to the account.

40. Notwithstanding these facts, this account has been reported by Citi to a consumer reporting agency.

41. The reporting of the account data concerning the account has caused an approximate 200 point drop in Mr. Wolff's credit score, and will effectively disqualified him for work in his chosen profession as a law enforcement officer.

42. In the current economic environment, job and credit opportunities are scarce and cannot be easily replaced.

43. Mr. Wolff has no way of knowing when, where, or why the account in question may be

transferred to a debt collector resulting in further adverse credit reporting or inquiries into his consumer report which could further damage his credit reputation or score.

44. Likewise, even in the absence of current efforts to collect, he has no way of knowing when or where any other company may appear and demand payment on this bogus account, contact third parties or otherwise cause embarrassment, humiliation or distress concerning the account.

45. Similarly, Mr. Wolff has no way of knowing whether or how potential employers or creditors may rely on this adverse information for purposes related his profession.

46. To the extent that potential creditors, employers, insurers, and other businesses rely on consumer reports, the potential for harm from the account is great.

47. Citi has not brought suit on this account.

48. In the absence of an affirmative suit in which Mr. Wolff could obtain an adjudication of his rights, the only conceivable means by which Mr. Wolff can obtain proof that he does not owe this debt is through a declaration of his rights by this Court in relation to this account, as against all the known parties of interest.

49. Because Mr. Wolff cannot prevent the further transfer, sale, collection or reporting of the account, a declaration that he does not lawfully owe this debt is the sole means by which he can effectively avert further harm to his reputation, employment opportunities and ability to secure credit.

50. Citi has already placed this debt to one collector, and there is no means of insuring that Citi will not make a series of additional placements, effectively placing Mr. Wolf at risk of facing an unending stream of collectors over a bill which he does not owe.

51. A declaratory judgment is necessary for Mr. Wolff to clarify and settle the legal relations at issue concerning this account, and provide relief from the Damoclean uncertainty which arises from this controversy.

52. Mr. Wolff requests that this Court declare his rights as against Citi.

53. Declaratory relief is available to litigants under the Declaratory Judgment Act, 28 U.S.C. § 2201 and F.R.Civ.P. 57.

54. Mr. Wolff is not liable by reason of Michigan law governing the sale of goods, and the provisions of the FCBA.

55. Such relief is also available under Michigan common law, Michigan statute, and the Michigan Court MCR 2.605.

## Demand for Jury Trial

56. Mr. Wolff demands trial by jury in this action.

## Demand For Judgment for Relief

57. *Accordingly, Mr. Wolff requests that the Court grant:*

    a. *Equitable relief under statute and common law, in the form of a declaration that the amount sought by Citi is not actually owed and an injunction prohibiting further collection of those amounts.*

    b. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

    c. *Exemplary damages.*

    d. *Statutory damages.*

    e. *Treble damages.*

  *f.*  *Statutory costs and attorney fees.*

            Respectfully Submitted,


            <u>By:  s/ Ian B. Lyngklip</u>
            Ian B. Lyngklip (P47173)
            LYNGKLIP & ASSOCIATES
            CONSUMER LAW CENTER, PLC
            Attorney For David Wolff
            24500 Northwestern Highway, Ste. 206
            Southfield, MI 48075
            (248) 208-8864
            IanLyngklip@Att.Net
Dated: September 14, 2010